IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID KAIKAI, #A078-777-684
Petitioner                                        :

v.                                                :        Civil Action No.  JKB-11-2983

ERIC HOLDER, JR, Attorney General   :
of the United States, et al.
Respondents                                   :

. . . .o0o. . . .

**MEMORANDUM**

Pending is Petitioner David Kaikai's 28 U.S.C. §2241 petition for writ of habeas corpus challenging his post-removal order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] Petitioner is subject to a final order of removal and does not challenge that order in this petition. Counsel for respondent [2] has filed a response and a motion to dismiss the petition. ECF No. 8.

According to respondent, on December 12, 2011, Immigration and Customs Enforcement ("ICE") authorities obtained travel arrangements to effect petitioner's removal from the United States during the week of January 8, 2012.  Ex. C.  On December 29, 2011, the Embassy of Sierra Leone issued an emergency travel certificate for Kaikai to return to Sierra Leone.  Exh. D. As such,

---

[1] David Kaikai is a native and citizen of Sierra Leone who was admitted into the United States on or about July 7, 2000 as a refugee. *See* Petition, at ¶ 5; Exh. A (Notice to Appear in Removal Proceedings). On August 14, 2009, he was convicted of robbery in the Circuit Court for Prince George's County, Maryland and sentenced to a term of imprisonment of 15 years. *See* Petition,at ¶ 5; Exh. A. Based on his robbery conviction, an aggravated felony under section237(a)(2)(A)(iii) of the Immigration and Nationality Act ("Act"), Kaikai was charged as an alien subject to removal from the United States. Exh. A. Petitioner was taken into ICE custody on January 28, 2011. *See* Petition, at ¶ 5.    Following a hearing before the Immigration Court on March 11, 2011, the Immigration Judge ordered Kaikai removed from the United States to Sierra Leone. See Exh. B (Order of the Immigration Judge of March 11, 2011). Petitioner waived his right to appeal (see Petition at¶ 5) and his removal order became administratively final on March 11, 2011.

[2] The proper party respondent in this proceeding is petitioner's custodian. 8 U.S.C. § 2242; *see also* 8 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.") Petitioner filed this habeas petition while he was detained at the Dorchester County Detention Center.  Consequently, the proper respondent is Steve Mills, who is the Warden at that facility.  The Clerk shall amend the docket accordingly.

respondents argue petitioner cannot meet his burden to show there is no significant likelihood of removal in the reasonably foreseeable future. *See Zaydyvda*s, 533 U.S. at 700. In light of this information, it appears that Petitioner's removal habeas challenge to his post-order detention under § 1231(a)(6) and *Zadvydas* have been rendered moot. Accordingly, this case shall be dismissed without prejudice. Respondent shall file a status report with documentation within twenty-eight days to inform the court whether petitioner's departure from the United States has been effectuated. A separate order follows.

DATE: March 16, 2012.                                        /s/
                                                    James K. Bredar
                                                    United States District Judge